UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv75-3-V
(5:05cr9-21)

| | |
|---|---|
| **TRAVIS DORAN RAMSEUR**, | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
|     v. | )    **ORDER and NOTICE** |
| | ) |
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
|     **Respondent.** | ) |
| | ) |

**THIS MATTER** is before the Court upon Respondent's Motion for Summary Judgment. (Doc. No. 8).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in responding to Respondent's Motion for Summary Judgment.

Rule 56, Federal Rules of Civil Procedure, provides in relevant parts:

    (c)(1)  A party asserting that a fact ... is genuinely disputed must support the assertion by:

        (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B)  showing that the materials cited do not establish

1

> the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact.
>
> . . .
>
> (c)(4) An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)(A) and (B); 56(c)(4) (2010).

This language means that if Petitioner has any evidence to offer to show that there is a genuine factual dispute for resolution, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement, made on personal knowledge and sworn before a notary public. Lumoa v. Potter, 351 F. Supp. 2d 426, 430 (M.D.N.C. 2004) (quoting Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985). An unsworn declaration is one made in writing and subscribed by the declarant as true under penalty of perjury. 28 U.S.C. § 1746. As a last resort, Petitioner may show by affidavit or unsworn declaration that, for specified reasons, he cannot present facts essential to justify his opposition to Respondent's Motion for Summary Judgment. Fed. R. Civ. P. 56(d).

Petitioner is further advised that if he fails to properly support an assertion of fact or fails to properly address Respondent's assertion of fact as required by Rule 56(c), the Court may consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or issue any other appropriate order. Fed. R. Civ. P. 56(e)(2) through (4).

Petitioner's affidavits or unsworn declaration must be presented to this Court within thirty (30) days of the entry of this Order.

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to Respondent's Motion for Summary Judgment.  <u>Petitioner's failure to respond within this time may result in granting summary judgment to the Respondent, that is, dismissal of the Motion to Vacate with prejudice</u>.

The Clerk is directed to send copies of this Order and Notice to the parties.

**SO ORDERED**.

Signed: September 8, 2011

Richard L. Voorhees
United States District Judge